## W. W. Dent vs. Zion Ross.

1. Continuance: *Refusal to grant.*
   The refusal to grant a continuance in the court below, when it is neither excepted to nor made ground for a new trial, cannot be reviewed by this court.
2. Animals: *Fence-breaking. Code 1871, § 1922.*
   Where animals trespass upon the inclosure of a party by breaking through a lawful fence, the party thus damaged may impound and hold the animals

until the statutory allowance of 75 cents per day is paid by the owner for keeping such animals.

8. SAME: SAME: *Case in judgment.*

R., the owner of the mules, was the tenant of D. They cultivated adjoining lands, agreed that they would have no partition fence, and that they would keep up their stock so that they should not trespass upon the lands of the other. R. violated this agreement and turned loose his mules on his own fields, and they wandered into the field of W. *Held,* that this did not authorize W. to impound and hold the mules, and claim the statutory allowance for keeping them. The right is purely statutory and *stricti juris,* and can only be exercised where the animal has broken through a lawful fence, and R. was entitled to maintain his action of replevin to recover the mules.

ERROR to the Circuit Court of *Jefferson* County.

Hon. URIAH MILLSAPS, Judge.

The facts in this case are stated in the opinion of the court.

The following errors are assigned :

1. The court erred in not granting a continuance in this cause.

2. In granting instructions for plaintiff below.

3. In refusing instructions asked by defendant in the court below.

*Thomas Reed,* for plaintiff in error :

The court below should have granted a continuance of the cause for reasons stated in the affidavit. Plaintiff in error expected to prove that, in the beginning of the year 1873, an agreement was made that the parties would have no partition fence. This was material testimony for the plaintiff in error.

It was error to instruct the jury that it was necessary for the plaintiff to have a lawful fence around his entire tract of land, and ignore the fact that an agreement could be made stipulating that one common fence around the farms of several persons should be recognized as one fence. The proof showed that state of facts, and the instruction should have been modified. By an understanding between the parties they cultivated their crops under a common fence. Plaintiff below acted upon that understanding and did not allow his stock to trespass. Under the Code of 1871, §§ 1921, 1922, habitual fence-breakers.

may be taken up and the owners charged 75 cents per day whilst in the hands of the taker-up, and he is allowed to retain them until the damages are paid. The rule laid down in Dickson v. Parker, 3 How., 219, should be applied to this case.

The court should have granted a new trial for another reason. The declaration only claims $250 damages, including the value of the mules, and the judgment is for $400. The judgment is erroneous in making the sureties on the replevin bond liable for the damages. There is no such condition in the bond. Excessive damages cannot be recovered unless there is a special averment in the declaration for punative damages. *The damages in this case were beyond the sum claimed.*

*H. Cassidy*, for defendant in error:

Plaintiff in error found in his field two mules belonging to defendant in error, after the crop had been gathered, and held them a day and a-half before defendant in error went to get them. Plaintiff in error demanded $22 damages before he would deliver them. The proof shows that the mules were each worth $175, and the damages by their loss and having to sue for them, in the aggregate, $159. The jury found for plaintiff in replevin the value of the mules, $150 each, and damages $150. The suit was commenced December 1, 1873, and tried July 23, 1874. The refusal to grant a new trial was not excepted to. The instructions were correct as given, and in those refused the court did not err. There was no claim by defendant below of *ownership* of the mules, no *lien* pretended to exist in his favor for the mules, and he did not make the claim for the 75 cents per day for keeping them, under the Code, § 1922. He did not make out such a case as the Code contemplates, and he was not justified in holding the mules.

The only reason assigned for a new trial, not already noticed, is that the verdict is excessive. The jury found below the amount of the only proof of damages and the value

of the mules, and, if it had been too high, there was evidence of bad feeling, willfulness, and perverse wrong on the part of defendant in detaining the mules during crop season. In such cases the jury are the exclusive judges of the amount of damages. Whitfield *v.* Whitfield, 40 Miss., 352.

CHALMERS, J., delivered the opinion of the court.

The refusal of the court below to grant plaintiff in error a continuance cannot be noticed here. It was not excepted to nor made grounds for new trial in the court below.

The case was this: Plaintiff in error, who was defendant below, impounded and assumed to hold two mules belonging to plaintiff below, which he alleged were trespassing upon his fields. He claimed to hold them under § 1922 of Code, until he should be paid the statutory allowance of 75 cents per day for keeping them; though the weight of the testimony seems to establish that he declared that he would not surrender them until he should receive payment for the damages which he had sustained, which damages, he asserted, amounted to $22.

He had no lawful fence on one side of his plantation, he and his neighbor having agreed that they would build no partition fence, but would keep up their stock, so that the animals of neither should trespass upon the other. Plaintiff below, who was the owner of the mules, was a tenant on the adjoining plantation, and had notice of this agreement and assented to it. He violated this agreement and frequently turned loose his mules into his own fields, from which they wandered into those of plaintiff in error.

Did this authorize plaintiff in error to impound and hold them, or justify his demand for the statutory allowance for keeping them? We think not. This right is purely statutory, and *stricti juris*, and can only be exercised when the animal has broken through a lawful fence.

When a party contracts with his neighbor that as between themselves they will build no fence, but that each shall keep

up his stock, there is upon both a like obligation, which the law will enforce in an action for damages or other appropriate proceeding ; but it does not authorize the injured party to resort to a remedy of a highly penal character, provided for a wholly different case. Plaintiff below was, therefore, entitled to maintain his writ of replevin without having paid or tendered either the 75 cents per day or the $22, which he says defendant below demanded of him.

The action of the court in the giving and refusing of charges conformed substantially to this view, and was correct.

It is claimed that the damages allowed ($150) were excessive. They seem large, but the mules were detained more than six months, and the amount is less than that proved.

It is urged that the judgment was erroneous in awarding damages against the sureties on the bond executed by defendant below for the detention of the mules, since there was no recital in the bond that the sureties should be bound for damages.

The bond is in strict conformity with § 1530 of the Code, and by § 1533 it is provided that damages shall be awarded against the obligors and sureties in such bonds.

Judgment affirmed.