GEST et al. v. DUBE et al.

(Court of Civil Appeals of Texas. Austin. Dec. 20, 1911.)

1. ANIMALS (§ 95*)—DEPREDATIONS OF CATTLE—SUMMARY REMEDY.

Rev. St. 1895, arts. 2496–2499, providing for distraint of animals breaking through a close surrounded by a lawful fence and causing damage to crops, create a remedy by a summary proceeding; and hence the statute must be strictly followed before liability can attach.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 390–415; Dec. Dig. § 95.*]

2. ANIMALS (§ 100*)—DAMAGE TO CROPS—STATUTORY REMEDY.

Rev. St. 1895, art. 2496, provides that every farmer shall make a sufficient fence about his cleared land, at least five feet high, sufficiently close to exclude hogs. Article 2497 declares that, when any trespass shall have been done, the owner may complain to a justice, who shall summon two freeholders, and view and determine the sufficiency of complainant's fence, and the damage he has sustained, and certify the same in writing, and, if it appear that the fence was sufficient, the owner of the cattle shall make full satisfaction, to be recovered before any tribunal having jurisdiction. Article 2498 declares that, in case of a second trespass, the owner may cause the stock to be penned, and held responsible for the damages and costs, and article 2499 declares that, if the fence is insufficient, the owner of the stock shall not be liable for the damage. Held that, where a complaint was made to a justice, an unsworn report failing to find that complainant's fence was sufficient, and failing to identify the premises or the stock in question, was insufficient to sustain an action thereon.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 100.*]

3. ANIMALS (§ 100*)—STOCK DEPREDATIONS—ACTION—FENCES.

Rev. St. 1895, art. 2496, requires every planter to inclose his cleared ground with a fence at least five feet high, and article 2497 provides that, in case of depredations by cattle on complaint to a justice, he and two freeholders may examine and report on oath the condition of the fence and the extent of the damage on which an action may be maintained. Held, that such report was not conclusive of the sufficiency of complainant's fence, but that defendant was entitled in an action on the report to show that the fence maintained was not in fact five feet high, and that it had a water gap through which stock entered at will.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 100.*]

4. ANIMALS (§ 100*)—DEPREDATIONS—FENCES.

In an action to recover for trespass of defendant's animals under Rev. St. 1895, arts. 2496, 2497, requiring every planter to inclose his cultivated ground with a sufficient fence at least five feet high, and providing for a recovery of damages on a report of viewers, where plaintiff's premises on which it was claimed defendant's cattle unlawfully trespassed were situated in a district where the stock law was not in force, it was essential to plaintiff's right to recover that he establish that his land was inclosed with a sufficient fence at least five feet high.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 100.*]

Appeal from Lee County Court; John H. Tate, Judge.

Suit by Hermann Dube and others against Hugo Gest and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Watson & Simmang, for appellants. Wm. O. Bowers, for appellees.

RICE, J. This suit was brought by appellees against appellants to recover damag-

es for depredation of stock upon their growing crops. It seems that prior to the filing of this suit Hermann Dube, one of the appellees herein, presented his complaint in writing to Hon. Oscar Jones, justice of the peace in and for precinct No. 4, Lee county, wherein it was stated that he was the owner of a certain farm and pasture surrounded by a lawful fence, situated in said county and precinct, a part of which was in cultivation, planted to corn and cotton; that Hugo Gest and Wm. Fricke were the owners of certain cattle which had theretofore trespassed upon said premises, and had continuously done so since January, 1910, destroying his crops growing thereon and the grass in his pasture, praying that said justice summon two impartial freeholders to view said premises and certify the damages done by said cattle, and further praying that the constable of said precinct take charge of said cattle, if it be found that any damage had been done to the crops and grass on said premises, and hold the same until such damages were settled. The record does not affirmatively disclose what action was taken by said justice with reference to said complaint further than that it appears therefrom that the following report was thereafter made by him, to wit: "The State of Texas, County of Lee: I, C. O. Jones, justice of the peace, precinct 4, Lee county, Texas, and R. D. Lawrence and J. A. McIver, do certify that we have looked at the fence and examined all of the crop and assess the damages to be $100. [Signed] C. O. Jones. J. A. McIver. R. D. Lawrence. We further agree that the damage to the pasture is worth $10.00." While the record fails to disclose that any writ was issued by the justice on said report, directing the seizure of said cattle, or that said cattle were seized by virtue thereof, yet it appears that thereafter an indemnity bond was executed by said Dube to the constable, conditioned that he would hold him harmless if he should execute the writ issued out of said justice court directing him to seize and take into his possession the cattle belonging to said Fricke and Gest to secure the damages done to said Dube's crop by them. These cattle were subsequently replevied by Fricke, one of the appellants herein.

Subsequent to the foregoing proceedings, to wit, on the 10th of August, 1910, this suit was instituted in the justice's court of said precinct No. 4 by appellees; their demand being, in substance, as follows, to wit: A suit for $110 damages done to the crops of cotton and corn and the pasture of the plaintiffs by certain cattle owned by defendants, said crops and pasture being situated in precinct 4, Lee county, Tex., and the same being inclosed by a sufficient fence; said damages having been assessed by Hon. C. O. Jones, justice of the peace for precinct No. 4, Lee county, and by J. A. McIver and R.

D. Lawrence, two impartial and disinterested freeholders, residing in the said Lee county, Tex., which said assessment and damages was made agreeably to the provisions of article 2497 of the Revised Statutes. And plaintiffs further allege that said cattle have committed more than one trespass upon said crops and pasture, and that, in accordance with article 2498 of the Statutes of Texas, they penned and turned over to Eugene Webb, the constable of precinct 4 of Lee county, Tex., seven head of cattle, describing them, and prayed that their statutory lien upon said cattle be foreclosed, and that they have judgment for their damages sustained and for costs of suit, and for such other and further relief as they might show themselves entitled to, either in law or equity.

There was a trial in the justice's court resulting in a verdict in behalf of appellees for the sum of $100, with a foreclosure of the statutory lien as prayed for, from which appellants appealed to the county court. A trial in the county court before a jury resulted in a verdict and judgment in behalf of appellees in the sum of $110, but without a foreclosure of lien, from which this appeal is prosecuted.

There are numerous assignments of error presented on behalf of appellants, only one of which, however, we deem it necessary to discuss in the determination of this appeal. Appellants addressed a special exception to plaintiffs' cause of action to the effect that the same was insufficient in law, in that it did not show that the justice of the peace or persons summoned by him to make investigation into the alleged damage were ever sworn, nor was it ever shown that said viewers found said fence to be sufficient under the law at the time of the commission of the alleged trespass. For a proper discussion of this question, it is necessary to revert to the statute upon which this proceeding is based.

Article 2496, R. S., provides that: "Every gardener, farmer or planter shall make a sufficient fence about his cleared land in cultivation, at least five feet high, and make such fence sufficiently close to prevent hogs from passing through the same. * * *" Article 2497, Id., reads that: "When any trespass shall have been done by any cattle, horses, hogs or other stock on the cleared and cultivated grounds of any person, it shall be lawful for such person to complain thereof to any justice of the peace for the county where such trespass shall have been done, and such justice is hereby authorized and required to cause two disinterested and impartial freeholders to be summoned, who with such justice shall view and examine on oath whether complainant's fence shall be sufficient or not, and what damages he has sustained by such trespass and certify the same in writing, and if it shall so appear

that said fence be sufficient, then the owner of such cattle, horses, hogs or other stock shall make full satisfaction for the trespass to the party injured, to be recovered before any tribunal having cognizance thereof." Article 2498 provides that: "In case of a second trespass by the same cattle, horses, hogs or other stock, the owner, lessee or proprietor of the premises upon which the trespass is committed may, if he deem it necessary for the protection and preservation of the premises or the crops growing thereon, cause such stock to be penned and turned over to the sheriff or constable and held responsible to the person damaged for all damages caused by such stock and all costs thereon." Article 2499 reads that: "If it shall appear that the said fence is insufficient, then the owner of such cattle, horses, hogs or other stock shall not be liable to make satisfaction for such damages."

[1] It clearly appears from the reading of said articles that, when such complaint as is contemplated thereby shall be made to the justice of the peace, it becomes his duty to appoint two disinterested freeholders, who shall, in connection with himself, view the premises in question for the purpose of ascertaining and determining the sufficiency of the fence and the amount of damages, if any, committed, and make their report thereof under oath in writing. This is a summary proceeding given by statute in behalf of the plaintiff, and must, in all respects, be strictly followed before liability can attach thereunder; and a failure so to do is fatal to the rights of the party seeking to avail himself thereof. This doctrine seems to be well established. In Sutherland on Stat. Const. it is said: "A statutory remedy or proceeding is confined to the very case provided for, and extends to no other. It cannot be enlarged by construction, nor be made available or valid except on the statutory conditions; that is, by strictly following directions of the act. A party seeking the benefit of such a statute must bring himself strictly, not only within the spirit, but its letter. He can take nothing by intendment." Sections 392, 393. Again, the same author says: "When a right is given by statute and a specific remedy provided, or a new power and also the means of executing it are therein granted, the power can be executed and the right vindicated in no other way than that prescribed by the act." Section 399. It is likewise said by the same author, in section 398, that: "Where a statute gave a right to retain trespassing animals until 75 cents per head shall be paid for their keeping when they had trespassed upon the enclosure of a party by breaking through a lawful fence, this right, being statutory, was held stricti juris. The injured party can avail himself of it only on the precise statutory conditions that the animals had broken through such fence"—citing in support of the text Dent v. Ross, 52 Miss. 188. Again, the same author says in section 400 that "such statutes as take away a common-law right, remove or add to common-law liabilities, or provide for proceedings unknown or contrary to that law are construed strictly. The courts cannot properly give force to them beyond what is expressed by their words or is necessarily implied from what is expressed." In Mitchell v. Runkle, 25 Tex. Sup. 137, it is said: "Where a court exercises an extraordinary power under a special statute prescribing its course, that course ought to be exactly observed." See, also, Williams v. Ball, 52 Tex. 607, 36 Am. Rep. 730; Hamilton v. Ward, 4 Tex. 356; Thatcher v. Powell, 6 Wheat. 128, 5 L. Ed. 221; 37 Cyc. p. 528 et seq. In the case of Williams v. Ball, supra, Mr. Justice Bonner, reviewing the decision in the case of Mitchell v. Runkle, supra, says: "That was a summary proceeding, penal in character, and not within the ordinary jurisdiction of the justice of the peace. The judgment in this character of cases should be strictly construed." In Hamilton v. Ward, supra, which was an action by motion against the sheriff to recover a statutory penalty for failure to pay over moneys collected by him under execution, Mr. Justice Wheeler said: "These statutes, authorizing summary proceedings and being in some degree penal in their character, are to be construed strictly in favor of the party to be affected by them; and it is undoubtedly true that every fact necessary to a recovery must appear upon the record."

[2] If, as we think, the statutes above quoted are summary in their character, then they should be strictly construed as against the party undertaking to exercise a right thereunder, and a failure on his part to bring himself strictly within their provisions would be fatal to his rights. The report in question is not sworn to, it does not find that the fence was sufficient, nor does it even undertake to identify the premises or the stock in question. It seems to us that it is fatally defective under this statute, and cannot be made the basis of plaintiffs' recovery, for the reason that the statute expressly states that, if it shall appear that the fence is insufficient, then the owner of such cattle, etc., should not be liable to make satisfaction for such damages. Without a finding as to the sufficiency of the fence there can be no recovery whatever.

[3] In addition to this, appellants were permitted to show that the fence was not in fact five feet high, and that it had a water gap, through which stock entered at will. Appellees insist, however, by cross-assignment that, since the report itself was conclusive evidence, it was error to have permitted appellants to inquire into the sufficiency of the fence. We do not agree with appellees in this contention, for if said re-

port was conclusive, as they contend, then the statute under consideration would be unconstitutional, since it would be in conflict with article 1, § 19, of the Constitution of the state, which provides that "no citizen of this state shall be deprived of life, liberty, property, privileges, franchises or immunities, or in any manner disfranchised, except by due course of the law of the land." See, also, Armstrong v. Traylor, 87 Tex. 598, 30 S. W. 440; Nass v. Maxwell, 32 S. W. 561. We do not mean to intimate that the present statute is unconstitutional, but only hold that, before a party can predicate a right thereunder, he must strictly comply with all of its requirements.

[4] We might add in passing that we agree with appellants in their contention that under this statute the fence, in order to be held sufficient, must be at least five feet high, since it did not appear from the evidence that the premises in question was situated in a district where the stock law was in force.

Believing that the court erred in overruling appellants' exceptions to plaintiffs' cause of action, it becomes our duty to render such judgment in behalf of appellants as the court below should have rendered, which is accordingly done, and the judgment is now here reversed and rendered in behalf of appellants.

Reversed and rendered.