BENNINGFIELD v. KERR et al.    (No. 3286.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 3, 1927.

1. Animals ☞51—Sale of impounded mule held void on failure to comply with law relative to damages and notice of sales (Complete Tex. St. 1920, arts. 3761, 6016½, 6016½a, 7235–7255).

Sale of mule impounded under Complete Tex. St. 1920, arts. 7235–7255, held void on failure to comply with articles 7251, 7252, 7253 relative to assessing fees due one taking up stock and giving notice as in constables' sales of personal property before making sales, which required posting at place of sale according to article 3761, if not published in newspaper under articles 6016½, 6016½a.

2. Animals ☞51—Person impounding animal held not entitled to statutory fee until freeholders had determined trespass (Complete Tex. St. 1920, arts. 7235–7255).

Person impounding mule under Complete Tex. St. 1920, arts. 7235–7255, held not entitled to fee allowed by article 7251 or any sum for impounding animal until it has been determined by freeholders that mule had trespassed on such person's land.

Appeal from Red River County Court; George Morrison, Judge.

Suit by R. A. Benningfield against W. M. Kerr and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded for new trial.

A mule belonging to appellant Benningfield escaped from a pasture where it was confined, and about 10 days afterwards, to wit, on July 15, 1925, was found by one Johnson in his cotton field situated in Red River county and about eleven miles from said pasture. The statute prohibiting such animals from running at large (articles 7235 to 7255, Vernon's

Complete Stats. 1920) being in force in said county, and Johnson not knowing to whom the mule belonged, he impounded same as authorized by said statute (article 7249), and on July 18, 1925, made an affidavit before a justice of the peace of said county, in which he described the mule and stated that the owner thereof was unknown to him. The affidavit was delivered to the county clerk of said county, to be kept in his office as required by said statute (article 7253). At the same time (to wit, on said July 18, 1925) Johnson in writing requested the justice of the peace, one Goodman, to appoint three disinterested freeholders to inquire into the trespass by the mule on his premises and to assess the damages done and fees due him, if any. The application should have been to the county judge instead of the justice of the peace, it seems (article 7251). For that or some other reason not disclosed by the record, freeholders were not appointed for the purpose stated, but on said July 18, 1925, the justice of the peace himself assessed the fees Johnson was entitled to claim at $3. On the same day the justice prepared a "notice of stock law sale," purporting to be given by the constable, in which the mule was described and the reader advised that "by virtue of an assessment and award of damages and fees" filed in said justice's office, the animal would be sold at Johnson's residence on July 29, 1925, to satisfy such assessments and awards, and the costs and expenses thereof. One copy of the notice was posted at the door of the Red River county courthouse in Clarksville, another copy was posted at Jackson's store three miles from Clarksville, and a third copy was posted at the Vandalia store, situated about one-half of a mile from Johnson's residence. On the day specified in the notices, to wit, said July 29, at the place named therein, to wit, Johnson's residence, the constable sold the mule for $30 to appellee Hayden Hudson; he being the highest bidder therefor. Retaining $5.35 of the amount as fees he was entitled to, the constable paid $2.25 of the part of the $30 remaining to the justice as costs he was entitled to, $3 to Johnson as the sum awarded him, and deposited the balance of $19.40 in the county clerk's office. After he purchased the mule, Hudson sold same to appellee W. M. Kerr. This suit was by appellant against said Kerr. It was commenced in a justice court, where judgment was rendered in appellant's favor against Kerr for the mule, or, in the alternative, for its value, $110, and for $75 in favor of Kerr against Hudson, who was made a party to the suit. On an appeal to the county court prosecuted by both Kerr and Hudson, judgment was rendered that appellant take nothing by this suit, and in favor of appellees Kerr and Hudson for costs. The appeal to this court is by Benningfield.

Louis B. Reed, of Clarksville, for appellant.

T. T. Thompson, of Clarksville, for appellees.

WILLSON, C. J. (after stating the facts as above). The statute required freeholders to be appointed to hear evidence to determine whether the mule had trespassed on Johnson's land as charged by him or not, and "to ascertain [quoting] the damages, if any, occasioned thereby, and the fees due the taker-up of the stock by reason of said trespass." Article 7251. The requirement was not complied with. The statute required, further, that notice thereof as in constables' sales of personal property should be given before a sale of the mule was made by the officer. Articles 7252, 7253. It appears that this requirement also was not complied with; for, as noted in the statement above, the notice given was by posting at the courthouse door, at Jackson's store, and at the Vandalia store; whereas, if the notice did not have to be published in a newspaper as provided in articles 6016½ and 6016½a, Vernon's Complete Statutes, it had to be given by posting at the place where the sale was made and at the courthouse door and another public place in the county as provided in article 3761 of said statutes.

[1] Appellant insists, and we agree, that because of the failure to comply with the requirements of the law in the respects stated, the officer was without authority to sell the mule, and therefore that his act in attempting to sell it was void, and hence passed no title to the purchaser. The rule is (2 Sutherland on Statutory Construction, § 572) that—

"When a right is given by statute and a specific remedy provided, or a new power and also the means of executing it are therein granted, the power can be executed and the right vindicated in no other way than that prescribed by the act."

And see Gest v. Dube (Tex. Civ. App.) 142 S. W. 965; 3 C. J. § 641, p. 185 et seq.; 1 R. C. L. § 91, p. 1149.

[2] Appellees' argument in support of the judgment that the requirement of the statute that freeholders be appointed for the purposes stated above did not apply in the case, because it did not appear that Johnson claimed any other damages than the statutory fee (article 7251) of 25 cents a day for impounding the mule, is not tenable, for until it had been determined by such freeholders on evidence heard that the mule had trespassed on Johnson's land as he charged it had, he was not entitled to said fee or any sum for impounding the animal.

The judgment is reversed, and the cause is remanded to the court below for a new trial.