## BAKER et al. v. SIMMONS et al.

### No. 3417.

Court of Civil Appeals of Texas. Beaumont.

April 20, 1939.

Rehearing Denied May 10, 1939.

McDougald & Beck, of Beaumont, for appellants.

Fred A. White, of Port Arthur, and Smith, Smith & Boyd, Geo. W. Brown, Jr., and Chilton O'Brien, all of Beaumont, for appellees.

O'QUINN, Justice.

Suit by appellants against appellees to recover for the value of eight head of cattle alleged to have been unlawfully sold under and by virtue of the stock laws forbidding the running at large of stock. Judgment was for appellees and we have the case on appeal.

Eight head of cattle belonging to J. W. Baker and W. H. Baker escaped from a pasture where they were confined near the City of Port Arthur, Texas, and were taken up by Ramey Hollier, Deputy Constable under J. Ross Simmons, Constable, and impounded as stock unlawfully running at large in territory where the running at large of stock was then and there prohibited. Ramey Hollier, the duly appointed and acting Deputy Constable under J. Ross Simmons, Constable, made affidavit before L. S. McGuire, Justice of the Peace of Precinct No. 2 (Port Arthur Precinct), Jefferson County, Texas, that he had taken up the said cattle found running at large in the Lake View Addition to Port Arthur, Jefferson County, Texas, and that the owner of said stock was unknown to him, and could not be found, describing the cattle, and stating that they were branded (85). Upon this affidavit, order of sale of the stock was issued to sell the stock to satisfy the charges and fees as provided by law. The cattle were advertised and sold as belonging to an unknown owner. The advertisement of sale in describing the stock stated they were branded (85). The affidavit of Ramey Hollier, Deputy Constable, taker up of the cattle, made before the Justice of the Peace was not filed with the county clerk of Jefferson County. Article 6970, R.S.1925, requires that the affidavit "shall be forthwith" delivered to the county clerk by such justice to be kept in his office for inspection. Evidently the requirement was for the benefit of the owner of the stock taken up in that when he missed his stock he could, in endeavoring to locate them, go to the county clerk's office and see if there was any affidavit there showing his stock was in charge of some person. The person taking up stock had the right, in the absence of knowledge of who owned the stock, to make the affidavit and get an order from the justice of the peace to advertise the stock and sell them and so collect his fees for his service. This right was given by statute and likewise the power and means to enforce same were given, and this right and power can be vindicated or exercised in no other way than that prescribed by the law. The attempted sale was not in compliance with the requirements of the law, and so void. Benningfield v. Kerr, Tex.Civ.App., 292 S.W. 970; Gest v. Dube, Tex.Civ.App., 142 S.W. 965.

Also in advertising the cattle for sale, they were not correctly described in that they were described as being branded (85), when in fact they were branded (B5). The owner reading the advertisement would not recognize the brand (85) as being his own brand (B5), and so might be misled. The law requires the impounded animal or animals shall be described, which of course means correctly described. This for the protection of the owner of the stock. The animals not being correctly described, the officer was without authority to make the sale, and no title passed by the sale to the purchaser. Benningfield v. Kerr, Tex.Civ.App., 292 S.W. 970; Gest v. Dube, Tex.Civ.App., 142 S.W. 965.

For the failure to comply with the requirements of the law in the respects stated, the judgment must be reversed and the cause remanded for another trial.

We think the court erred in refusing the testimony of the witnesses L. E. Rhodes and John Mudd as to the market value of the cattle sold. The court sustained the objection of defendant J. Ross Simmons, Constable, on the ground that they had not qualified as expert witnesses on the value of the cattle. Without repeating the testimony of these witnesses on the question, we think they fully qualified, and should have been permitted to testify. Further, we think that the conversation of the witness Rhodes with Ramey Hollier, Deputy Constable, the taker up of the cattle, as to what investigation he made as to whom the cattle belonged, and as to his familiarity with the cattle, was admissible as to his good faith in ascertaining the ownership of the cattle and making affidavit that the owner was unknown. On another trial all of this testimony should be admitted.

We suggest that the case be repleaded and the market value of each animal be separately alleged as of the date of the sale.

The judgment is reversed and the cause remanded for another trial.

### On Motion for Rehearing.

Our attention has been called to the fact that, in our opinion herein filed, we failed to dispose of appellee Maryland Casualty Company, the surety on the official bond of Constable J. Ross Simmons,

one of the defendants below and appellee here. A general demurrer presented by the defendant Maryland Casualty Company to plaintiffs' petition was sustained by the court and appellants refusing to amend the suit as to said company was dismissed, to which action of the court appellants duly excepted. When final judgment in the trial court was rendered against appellants, they excepted to such judgment and gave notice of appeal, and in their appeal bond named Maryland Casualty Company as one of the obligees in said bond.

The judgment being reversed and remanded generally, it is reversed as to all parties named in the appeal bond for another trial.

The motion for rehearing is overruled.